UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01839-RGK (SK) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Damian James v. Warden | | |

Present: The Honorable   Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner, a federal prisoner within the Central District of California, filed a petition under 28 U.S.C. § 2241, challenging the constitutionality of his 2008 mandatory-minimum sentence from drug convictions he sustained in the Southern District of Illinois. (ECF 7, Pet. at 2-5). "Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). But Petitioner already filed an unsuccessful motion under § 2255 in the Southern District of Illinois, which the district court there denied as untimely. (*See* S.D. Ill. Case No. 11-CV-0188-JPG).[1] So he cannot pursue the same sentencing challenge here under § 2241 unless he meets the "escape hatch" exception of § 2255(e). In the Ninth Circuit, a "§ 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Petitioner cannot meet either of these requirements.

First, Petitioner's challenge to his sentence—that it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Pet. at 6-7, 20-21)—presents a pure legal claim and is therefore not a claim of factual innocence. *See Bousley v. United States*, 523 U.S. 614, 615 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."); *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (A "purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."). Second, he has already had a "procedural shot" at presenting his sentencing claim in the Southern District of Illinois, where he was sentenced. The fact that his first § 2255 motion there was denied as untimely does not mean that his remedy under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e); *see Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the

---

[1] The Court takes judicial notice of Petitioner's prior federal criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01839-RGK (SK) | Date | October 29, 2019 |
|---|---|---|---|
| Title | Damian James v. Warden | | |

opportunity to raise it by motion."); *Echevarria v. Copenhaver*, 2013 WL 3166399, at *2 (E.D. Cal. June 20, 2013) ("While his § 2255 motion may be procedurally barred as untimely, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims.").

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **November 29, 2019** why the Court should not dismiss this § 2241 petition for lack of jurisdiction. *See Hernandez v. United States*, 2014 WL 4180995, at *2 (C.D. Cal. Aug. 20, 2014). If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing the attached Notice of Voluntary Dismissal form. Otherwise, Petitioner must file a timely response proving that jurisdiction under § 2241 is proper. **If Petitioner files no notice of voluntary dismissal or other timely response to this order, the Court will recommend involuntary dismissal of this action for failure to prosecute**. *See* Fed. R. Civ. P 41(b); L.R. 41-1.